# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1515V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MICHAEL GRIGSBY, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 23, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Alison Haskins*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Camille J. Webster*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On September 27, 2024, Michael Grigsby filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he developed Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered on January 30, 2023. Petition (ECF No. 1) at 1. Respondent filed his Rule 4(c) Report recommending that compensation was not appropriate in this matter. Report, dated June 27, 2025 (ECF No. 23).

I subsequently held a status conference, and at that time informed Petitioner of my preliminary views of the case—and in particular the view that he would likely not be able to

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

overcome the extensive temporal gap between vaccination and his first reported neurological symptoms, which did not appear to be medically acceptable. I thus set a deadline for Petitioner to show cause why his claim should not be dismissed. *See* Order to Show Cause, dated July 14, 2024 (ECF No. 24).

Petitioner has now filed a motion for a decision dismissing the claim. *See* Motion, dated Sept. 19, 2025 (ECF No. 25) ("Mot."). Petitioner maintains that after an investigation of the facts and science supporting his case, he has determined that he would be unable to prove that he is entitled to compensation in the Vaccine Program, and that to proceed further would be unreasonable and would waste the resources of the Court, Respondent, and the Vaccine Program. Mot. at 1. Petitioner also acknowledges that he understands a decision dismissing his petition will result in a judgment against him, and that such a judgment will end all his rights in the Vaccine Program. *Id.* And he has expressed a desire to exercise his rights to file a civil action in the future pursuant to 42 U.S.C. § 300aa-21(a)(2). *Id.* at 2.

Under Vaccine Rule 21(b)(1), a petitioner may request a decision dismissing a petition, even after preparation of Respondent's Rule 4(c) Report. Under such circumstances, the decision will result in a judgment, although the dismissal will be with prejudice (unless otherwise indicated). Rule 21(b)(1) and (2). Here, I find such a decision appropriate. To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she 1) suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to his vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* § 13(a)(1)(A) and 11(c)(1). Petitioner has affirmatively represented that he cannot meet the relevant evidentiary standards, and has not offered an expert report to support his claim—and he has been provided an opportunity to show cause why his claim might be viable.

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.