# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 24-1515V

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| MICHAEL GRIGSBY, | Chief Special Master Corcoran |
| Petitioner, | Filed:  February 19, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

* * * * * * * * * * * * * * * * * * * * * * * *

*Alison Haskins*, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.

*Camille J. Webster*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING AWARD OF
### ATTORNEY'S FEES AND COSTS[1]

On September 27, 2024, Michael Grigsby filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that he developed Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"), as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered on January 30, 2023. Petition (ECF No. 1) at 1.

Respondent opposed entitlement, due to the extensive time between Petitioner's vaccination and his first reported neurological symptoms, and also on the basis of the contention that Petitioner's

---

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. Id.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "The Program" or "Program"]. Individual section references hereafter will be to Section 300aa of the Act.

symptoms could not be attributable to a peripheral neuropathy like CIDP. Report, dated June 27, 2025 (ECF No. 23). I subsequently issued an order instructing Petitioner to show cause why his claim should not be dismissed. Order to Show Cause, dated July 14, 2025 (ECF No. 24). In response, Petitioner filed a motion for a decision dismissing the claim, maintaining that further investigation of the facts and science supporting this claim would not show he is entitled to compensation under the Vaccine Program. *See* Motion, dated Sept. 19, 2025 (ECF No. 25) ("Mot."). The claim was accordingly dismissed.

Petitioner originally filed a motion for interim attorney's fees and costs prompted by prior counsel's withdrawal, and it remains undecided. Motion for Interim Attorney's Fees and Costs, dated Dec. 23, 2024 (ECF No. 9) ("Interim Fees Mot."). In it, Petitioner requested $14,454.23 ($13,247.50 in fees and $1,206.73 in costs) for work performed by withdrawing counsel. *Id.* at 12. Petitioner has now filed a motion for a final award of attorney's fees and costs, requesting additional sums accumulated since the filing of the interim fees motion. Motion for Final Attorney's Fees and Costs, dated Nov. 12, 2025 (ECF No. 30) ("Final Fees Mot."). This second fees motion seeks and award of $19,171.53 (consisting of $18,620.90 in attorney's fees and $550.63 in costs). *Id.* at 1. Thus, Petitioner requests in total $33,625.76 (consisting of $31,868.40 in attorney's fees, and $1,757.36 in costs). *See* Interim Fees Mot. at 15; Final Fees Mot. at 1.

Respondent reacted to both requests, arguing that Petitioner had failed to establish a reasonable basis. Report at 8; Response, dated Dec. 5, 2025 (ECF No. 32) ("Resp.") at 2. Petitioner filed replies to each opposition by Respondent, arguing that under-oath testimony in conjunction with medical records created a reasonable basis for this claim. Reply, dated Jan. 6, 2025 (ECF No. 13); Reply, dated Dec. 11, 2025 (ECF No. 33).

For the reasons set forth below, I hereby **GRANT** both Petitioner's motions for attorney's fees and costs, awarding fees and costs in the total amount of $33,625.76 .

## ANALYSIS

### I.      Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not automatically

entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely. The act of an attorney's withdrawal from a case is often deemed an appropriate circumstance for paying fees—although because the case is still pending, a claimant must make the good faith/reasonable basis showing relevant to unsuccessful claims.

A claim's reasonable basis is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). Simmons, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Interim award requests are subject to the same reasonable basis inquiry applied to unsuccessful but completed matters, since in the context of an interim request the claim literally is not yet been found to be "successful."

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same

standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be some showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

Although Petitioner's claim was ultimately unsuccessful, I find that there was sufficient objective basis to entitle him to a fees and costs award. There was some record evidence that Petitioner experienced muscle pain within seven weeks after the relevant vaccine, even if the overall weight of evidence was unsupportive of causation. Special Masters, in prior cases, have found Petitioners to have satisfied their requisite showing that the time between vaccination and development of CIDP symptoms was medically appropriate when the record showed onset occurring within a comparable period of time. *Sanchez v. Sec'y of Health & Hum. Servs.*, No. 18-1012V, 2022 WL 1013264, at *23 (Fed. Cl. Spec. Mstr. Mar. 11, 2022) (finding a six-to-seven-week onset between Petitioner's Tdap vaccine and her CIDP symptoms was medically appropriate). Thus, and in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.    Calculation of Fees

Only reasonable attorney's fees may be granted. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her various attorneys, based on the years work was performed:

(A) Downing, Allison & Jorgenson Fees

|  | 2024 |
|---|---|
| **Andrew Downing (Attorney)** | $485.00 |
| **Ann Allison (Attorney)** | $435.00 |
| **Courtney Jorgenson (Attorney)** | $375.00 |
| **Paralegals** | $175.00 |

Interim Fees Mot. at 15.

(B) Siri & Glimstad, LLP Fees

|  | 2024 | 2025 |
|---|---|---|
| **Alison Haskins (Attorney)** | $510 | $525 |
| **Tara Thorn (Paralegal)** | $187 | $195 |
| **Melissa Vraspir (Paralegal)** | N/A | $195 |
| **Ashton Wright (Paralegal)** | N/A | $195 |
| **Jeanna Reed (Paralegal)** | N/A | $195 |

ECF No. 30-3 at 10.

The attorneys in question have been recognized to practice in forum, thus, entitling them to commensurate rates established in *McCulloch*. *See Rossiter v. Sec'y of Health & Hum. Servs.*, No. 20-1888V, 2023 WL 3778899, at *2 (Fed. Cl. Spec. Mstr. June 2, 2023). The rates requested (including requested 2025 rates for Ms. Jorgenson) are also consistent with what has previously been awarded, in

accordance with the Office of Special Masters' fee schedule.[3] *Cracraft v. Sec'y of Health & Hum. Servs.*, No. 20-0562V, 2024 WL 2992939, at *3 (Fed. Cl. Spec. Mstr. May 9, 2024); *Novoa v. Sec'y of Health & Hum. Servs.*, No. 24-1331V, 2025 WL 2790507 (Fed. Cl. Spec. Mstr. Aug. 20, 2025). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable, and I will therefore award all fees requested without adjustment.

### III.    Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,757.36 in costs (comprised of $1,206.73 in outstanding costs incurred by the attorneys at Downing, Allison & Jorgenson, and $550.63 in costs incurred by his attorneys at Siri & Glimstad). Interim Fees Mot. at 22–23; Final Fees Mot. at 1. This sum includes the filing fee, medical record retrieval costs, and postage costs.  *See id.* All are commonly incurred in the Vaccine Program and are reasonable herein. Therefore, I will grant all requested costs.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motions for Attorney's Fees and Costs in its entirety. **Petitioner is awarded a total amount of $33,625.76, reflecting (a) $14,454.23 in attorney's fees and costs, to be paid through an ACH deposit to Petitioner's *former* counsel, Andrew D. Downing's IOLTA account for prompt disbursement; and (b) $19,171.53 in attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record, Alison Haskins's IOLTA account for prompt disbursement.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[4]

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Jan. 14, 2026).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

**/s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
